John F. "Jack" WALSH, et al., Plaintiffs,

v.

FORD MOTOR COMPANY, Defendant.

Civ. A. No. 81–1998.

United States District Court, District of Columbia.

July 2, 1985.

Beverly C. Moore, Jr., Law Offices of Beverly C. Moore, Jr., Washington, D.C., Landon Gerald Dowdey, Law Offices of Landon Gerald Dowdey, Washington, D.C., Wallace J. Smith and Ben Schiebel, Wallace J. Smith, Inc., Sacramento, Cal., Barry Schwartz, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., William H. McDonald, David A. Childers, John E. Price and Robert M.N. Palmer, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, Mo., for plaintiffs.

William T. Coleman, Jr., Richard C. Warmer, Carl R. Schenker, Jr. and John H. Beisner, O'Melveny & Myers, Washington, D.C., for defendant; Henry R. Nolte, Jr.,

James M. MacNee, Ford Motor Co., Dearborn, Mich., of counsel.

## MEMORANDUM ORDER

JUNE L. GREEN, District Judge.

This matter is before the Court on plaintiffs' motion to expand the certified classes and to amend this Court's order on the motion to dismiss to include purchasers of subject Ford vehicles in New Jersey; defendant's opposition thereto; plaintiffs' reply to defendant's opposition, and the entire record herein. For the reasons set forth below, the Court grants plaintiffs' motion.

On March 28, 1985, the New Jersey Supreme Court issued a decision in *Spring Motors Distributors, Inc. v. Ford Motor Co.*, 98 N.J. 555, 489 A.2d 660 (1985). That case held specifically that where "a commercial buyer seek[s] damages for economic loss resulting from the purchase of defective goods [he] may recover from an immediate seller and a remote supplier in the distribution chain for breach of warranty under the U.C.C." *Id.* at 663. The court in *Spring Motors* further held "that the buyer need not establish privity with the remote supplier to maintain an action for breach of express or implied warranties." *Id.*

Plaintiffs aver that this holding by the New Jersey Supreme Court effectively eliminates the requirement of vertical privity for claims of breach of implied warranty under the Uniform Commercial Code ("U.C.C."). They further argue that in light of the decision in *Spring Motors,* this Court should amend its decision on defendant's motion to dismiss, *see Walsh v. Ford Motor Co.,* 588 F.Supp. 1513 (D.D.C.1984), to reflect the fact that New Jersey no longer requires the presence of vertical privity to pursue claims of breach of implied warranty. Finally, plaintiffs move to have this Court amend its decision on defendant's motion to dismiss to include those named plaintiffs who purchased their vehicles in New Jersey and were found originally not to have a valid claim for breach of implied warranty because of the lack of vertical privity.

In examining the decision in *Spring Motors,* the Court agrees with plaintiffs' conclusion that the New Jersey Supreme Court effectively abolished the requirement of vertical privity between a buyer and supplier or manufacturer for claims for breach of implied or written warranties.

In opposition to plaintiffs' motion, defendant argues that the decision in *Spring Motors* is not applicable to the present action.

■ Defendant first argues that the *Spring Motors* decision is limited in application to only commercial purchasers and not consumers. The Court declines to read that decision so narrowly. The holding in the case is not limited to abolishing vertical privity for merely commercial buyers. Because the decision involves a commercial buyer with claims against a remote supplier, that court naturally applies its reasoning to the parties that are before it. The decision in *Spring Motors* specifically states:

> We conclude that the absence of privity between a remote supplier and ultimate purchaser should not preclude the extension to the purchaser of the supplier's warranties made to the manufacturer. We reach that conclusion notwithstanding our recognition that the Code generally applies to the parties in privity ... and that no privity exists between [plaintiff] and [defendant].

*Spring Motors Distributors v. Ford Motor Co.,* 489 A.2d at 674 (citations omitted).

The decision in *Spring Motors* eliminates the privity defenses in claims arising from breach of warranty under the U.C.C. It provides for breach of warranty claims arising under the U.C.C., a right of action for economic loss "without regard to vertical privity." *Id.* at 676. The New Jersey Supreme Court states that this "conclusion ... is consistent with the proposition that the Code drafters have left it to the courts to determine whether vertical privity should be required in a warranty action

between a seller and a remote buyer." *Id.* Comparing this claim to a consumer's right to pursue claims for economic loss under the principle of strict products liability in tort, the New Jersey court found that they should be treated similarly. It explained that:

> a plaintiff in a suit for breach of warranty against a remote seller, like a plaintiff in a strict liability action, need not establish privity with or negligence by the defendant. To this extent, our recognition of a warranty action for economic loss by a commercial buyer parallels our recognition in *Santor* [1] of a similar claim by a consumer. One significant difference, of course, is that the plaintiff in a warranty action need not establish the existence of a defect; the failure of the goods to perform as warranted is sufficient. By bringing the action within the ambit of the Code, we believe we come closer to fulfilling the expectations of the parties and the intention of the Legislature that the Code [not claims arising under Tort] shall govern commercial transactions.

*Id.* at 676.

This language recognizes that claims of economic loss should arise properly under U.C.C. warranty law and not be transformed into actions arising under strict liability in tort. This is particularly true when applied to commercial transactions. By eliminating the requirement of vertical privity in U.C.C.-based claims, the court appears, in turn, to eliminate the need to convert claims of economic injury or property damage from genuine contract-based claims to claims arising in tort. What this decision leaves open is whether a consumer may continue to pursue breach of warranty claims for economic injury arising in tort, now that a means has opened to pursue these claims under the U.C.C. without regard to the issue of privity.

Although the *Spring Motors* decision is couched in terms of "commercial buyer" transactions, the Court does not read the holding so narrowly. The New Jersey Supreme Court, through its decision in *Spring Motors*, seems intent to expand potential claims for breach of warranty for economic loss while at the same time placing correctly these causes of action in the "appropriate vehicle for resolving commercial disputes arising out of business transactions between persons in a distribution chain." *Id.* at 668. The Court can find no justification for concluding that this decision is limited exclusively to commercial purchasers. It accordingly finds that New Jersey has eliminated the requirement of vertical privity for claims of breach of implied or written warranty arising under the U.C.C.

■ Ford also argues that the holding in this action was based on the buyer's direct dealings with a remote supplier. Although it is true that the parties in *Spring Motors* did have direct dealings with each other, that was not the basis of the court's holding. The New Jersey Supreme Court found its decision "particularly appropriate" where there were direct dealings between the parties. *Id.* at 676. Accordingly, the argument that the abolition of vertical privity is applicable only where there were direct dealings, is without merit.

■ Finally, Ford argues that the decision in *Spring Motors* may be applied only prospectively. This Court also disagrees with this contention.

In order to determine whether a decision should be applied retroactively, the New Jersey Supreme Court has enunciated a standard on which to approach this question. It concluded that:

> The question of which approach to retroactivity will be taken in a given case is not answered by any constitutional mandate.... Rather, under the view

---

1. In *Santor v. A & M Karagheusian, Inc.,* 44 N.J. 52, 207 A.2d 305 (1965), the New Jersey Supreme Court found that a consumer could bring a claim for economic loss against a remote manufacturer despite the lack of vertical privity.

Although the action was stated as a claim for breach of implied warranty of reasonable fitness, *id.* at 310, the decision later stated that this action actually arose under strict liability sounding in tort. *Id.* at 311–313.

adopted by the United States Supreme Court, the competing considerations in each case are weighed by examining (1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the administration of justice. This weighing process has generally been followed in New Jersey.

*New Jersey v. Nash,* 64 N.J. 464, 317 A.2d 689, 692 (1974) (citations omitted), *cited with approval in Turner v. Aldens, Inc.,* 179 N.J.Super. 596, 433 A.2d 439, 444 (App. Div.1981). The factor that has most significance here is the issue of reliance. Surely, Ford cannot argue that it relied on the requirement of vertical privity when it determined to sell its vehicles in New Jersey. It is undisputed that defendant markets and chooses to sell its vehicles in every State regardless of the presence of vertical privity. Further, as outlined in the *Spring Motors* decision, New Jersey has slowly eroded its vertical privity requirements by creating exceptions and new causes of action for claims arising from breach of implied or written warranty. *Spring Motors Distributors v. Ford Motor Co.,* 489 A.2d at 666–67 (citing *Henningsen v. Bloomfield Motors, Inc.,* 32 N.J. 358, 161 A.2d 69 (1960); *Santor v. A & M Karagheusian, Inc.,* 44 N.J. 52, 207 A.2d 305; *Rosenau v. City of New Brunswick & Worthington Gamon Meter Co.,* 51 N.J. 130, 238 A.2d 169 (1968); *Heavner v. Uniroyal, Inc.,* 63 N.J. 130, 305 A.2d 412 (1973) ). As Messrs. White and Summers have noted: "It is possible that lack of privity as a defense to a cause of action will be only a historic relic in the year 2000. It is a doctrine in hasty retreat." White, James J., Summers, Robert S., *Uniform Commercial Code* at 411 (2d ed. 1980). Certainly, in light of the above, the issue of reliance is of minimal significance, here, when determining the retroactive effect of the *Spring Motors* decision.

Finally, the Court notes that by specifically abolishing the requirement of privity,

the New Jersey Supreme Court has classified the cause of action for breach of implied warranty for claims of property damage or economic loss which should arise under the U.C.C. instead of strict liability in tort.

Accordingly, it is by the Court this 2nd day of July 1985,

ORDERED that plaintiffs' motion to expand the certified classes and to amend this Court's order on the motion to dismiss to include purchasers of subject Ford vehicles in New Jersey is granted; and it is further

ORDERED that the following named plaintiffs listed in the second amended complaint may pursue their claims for breach of implied warranty: Martha D. Meidinger (¶ 19(I)(s) ); Thomas A. and Alice L. Burns (¶ 19(II)(k) ); Menorah Chapels at Millburn, Inc. and Herbert Ross (¶ 19(II)(s) ); George Pradarits (¶ 19(II)(uuu) ); Robert Mahler (¶ 19(III)(b) ); and Adrienne C. Thurston (¶ 19(III)(r) ).